# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| RELIASTAR LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>TRINA R. WIEMER, LAURA R. WEIMER, and RODERICH W. WIEMER, JR.,<br><br>    Defendants.<br><br>v.<br><br>THE ESTATE OF VINCENT H. WIEMER Through its Executor, Rod Wiemer,<br><br>    Third-Party Defendant. | § § § § § § § § § § § § § § § § § § | Civil No. 4:17-cv-771-ALM-KPJ |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 16, 2018, the report of the Magistrate Judge (Dkt. #29) was entered containing proposed findings of fact and recommendations that Plaintiff Reliastar Life Insurance Company ("Reliastar") should be dismissed pursuant to Reliastar and Defendants Roderich W. Wiemer, Jr., Trina R. Wiemer, and Laura R. Wiemer's (collectively, "Defendants") Stipulation and Request for Entry of Agreed Order Granting Interpleader Relief to Plaintiff (the "Stipulation") (Dkt. #24).

The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

Accordingly, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1. **Interpleader Relief.** ReliaStar is entitled to interpleader relief pursuant to FED. R. CIV. P. 22 and 28 U.S.C. § 1335.

2. **Leave to Deposit Funds**. ReliaStar shall be granted leave to deposit the Death Benefit, together with any applicable interest or other amounts and deductions required by the Policy, into the Registry of the Court. The Clerk of the Court shall accept the deposit, and any fees charged by the Clerk or accrued in the account by operation of the Court's registry requirements shall be paid from the deposit and not be the separate responsibility of ReliaStar.

3. **Discharge and Dismissal of All Claims Against ReliaStar**. Upon completion of the deposit in Paragraph 2 above:

    a. ReliaStar shall be discharged from any further liability under the Policy or for the Death Benefit.

    b. All claims Defendants have asserted, or may have asserted, against ReliaStar in connection with the Death Benefit or Policy shall be **DISMISSED WITH PREJUDICE**.

    c. Defendants shall be enjoined from instituting or maintaining any future action or claim against ReliaStar to the extent such claims arise under or relate in any way to the Policy or Death Benefit.

4. **Award of Attorney's Fees and Costs**. ReliaStar shall be entitled to an award of the reasonable attorney's fees and costs it has incurred in connection with this action. Accordingly, ReliaStar may withhold or deduct the following amounts from the Death Benefit prior to depositing same into the Court's registry:

a. Attorney's fees in the amount of Four Thousand Dollars ($4,000.00); and

   b. Costs in the amount of One Thousand Dollars ($1,000.00).

5. **Preservation of Claims to Death Benefit**. Nothing in this order should be construed as a waiver by Defendants or dismissal of any claim to the Death Benefit, except as expressly set forth in Paragraph 3 above.

**IT IS SO ORDERED**.

**SIGNED this 13th day of February, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE