IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RELIASTAR LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 4:17-cv-771-KPJ |
| TRINA R. WIEMER, LAURA R. WEIMER, and RODERICH W. WIEMER, JR., | § § § § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is the parties' Joint Motion for Entry of Final Judgment and Order of Interpleader Disbursement (the "Motion for Final Judgment") (Dkt. 56). This matter is before the undersigned pursuant to 28 U.S.C. § 636(c) and the consent of the parties. *See* Dkt. 60. Upon consideration of the Motion for Final Judgment (Dkt. 56), the exhibits attached thereto (Dkts. 56-1 – 56-3), and the entire record in this case, the Court finds the Motion for Final Judgment (Dkt. 56) is **GRANTED**.

## I. BACKGROUND

This is an interpleader action. Plaintiff ReliaStar Life Insurance Company ("ReliaStar") issued a life insurance policy (the "Policy") on the life of Vincent H. Weimer, who died on August 19, 2017. *See* Dkt. 24. The proceeds of the Policy, valued at $3,000,000.00 (the "ReliaStar Proceeds"), are in dispute because ReliaStar received competing claims to the Policy's death benefit (the "Death Benefit") from Defendants. *See* Dkt. 1. ReliaStar does not dispute the Death Benefit is payable, but because ReliaStar was unable to determine the proper payee for the Death Benefit, ReliaStar filed a Complaint in Interpleader against Defendants pursuant to Federal Rule of Civil Procedure 22, and 28 U.S.C. § 1335. *See* Dkt. 1.

## II. LEGAL STANDARD

Generally, an interpleader action involves two stages. *Rhoades v. Casey*, 196 F.3d 592, 600-601 (5th Cir. 1999). First, the court determines whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. *Id*. If the requirements have been met, the court then moves to the second stage of determining the respective rights of the claimants, either through summary judgment or trial in which each claimant proves its right to the fund by a preponderance of the evidence—or, as in this case, by agreement of the parties. *Id*. Once the court determines that the first stage has been satisfied, the court may dismiss the stakeholder Plaintiff from the action. 7 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1714 (3d ed.) ("When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested."); *General Elec. Capital Assur. v. Van Norman*, 209 F. Supp.2d 668 (S.D. Tex. 2002). The Court has broad discretion in interpleader actions. *Rhoades*, 196 F.3d at 600-601.

## III. DISCUSSION

On February 13, 2018, the Court determined that Reliastar was entitled to interpleader relief pursuant to Federal Rule of Civil Procedure 22, and 28 U.S.C. § 1335, and granted Reliastar leave to deposit the Death Benefit, together with any applicable interest or other amounts and deductions required by the Policy, into the Registry of the Court. *See* Dkt. 30. Thereafter, the interpleaded funds (the "Interpleaded Funds") in the amount of $3,054,060.35, were deposited as ordered by the Court, and Reliastar was dismissed with prejudice from the lawsuit. *See id*.; *see also* Dkt. 33.

After the parties advised the Court they had reached a settlement regarding the disbursement of the Interpleaded Funds (*see* Dkt. 40), the Court appointed Garland Cardwell ("Mr.

Cardwell") as guardian *ad litem* to protect the interests of Defendant Trina R. Weimer's minor children, M.W. and B.W. (collectively, the "Minor Children"). *See* Dkt. 41. On August 14, 2018, Mr. Cardwell filed a report finding the settlement was in the best interest of the Minor Children, and recommending that the Court approve the settlement terms, as they apply to the settlement of the Minor Children's claims in this lawsuit and the creation of a trust for their benefit. *See* Dkt. 43. Thereafter, Defendant Roderich W. Wiemer, Jr., filed a Motion to Enforce Mediated Settlement Agreement (the "Motion to Enforce Mediated Settlement Agreement") (Dkt. 45), and Defendant Laura R. Wiemer filed a Motion for Disbursement of Funds and Partial Dismissal with Prejudice (the "Motion for Disbursement of Funds") (Dkt. 46) (collectively, the "Motions"). The Motions seemed to indicate that not all parties were in full agreement. The following documents were submitted as exhibits to the Motion to Enforce Mediated Settlement Agreement (Dkt. 45): (1) Mediated Family Settlement Agreement (the "Settlement Agreement") (Dkt. 45-1); (2) Mutual Nondisparagement Agreement (Dkt. 45-2); (3) Last Will and Testament of Vincent H Wiemer (the "Will") (Dkt. 45-3); and (4) The M.W. and B.W. Section 142 Trust (Dkt. 45-4).

The Court held a hearing on the Motions on October 23, 2018. All parties were represented at the hearing, including Mr. Cardwell on behalf of the Minor Children. *See* Dkt. 52. As explained on the record at the hearing, the Court determined that it lacked jurisdiction to approve the Settlement Agreement (Dkt. 45-1) as drafted. Although the parties appeared to be in agreement regarding the disposition of the Interpleader Funds, the Settlement Agreement (Dkt. 45-1) also purports to settle disputes among the parties that are not within the scope of the present lawsuit, notably a dispute regarding the terms of the Will (Dkt. 45-3). During the hearing, the parties requested a recess, and after conferring, advised the Court on the record that they had reached an agreement regarding disposition of the Interpleaded Funds. *See* Dkt. 52. The Court notes that on the record at the hearing, Mr. Cardwell indicated his approval of the settlement and the form of

the proposed trust for the Minor Children. *See id*. Accordingly, the Court directed the parties to submit the necessary papers to resolve the case with respect to the Interpleaded Funds. *See id*.

Subsequently, the parties filed the present Motion (Dkt. 56), along with the following exhibits: (1) Mediated Family Settlement Agreement[1] (Dkt. 56-1); (2) The M.W. and B.W. Section 142 Trust (Dkt. 56-2); and (3) [Proposed] Final Judgment and Order of Interpleader Disbursement (Dkt. 56-3). Among other things, the settlement calls for the Court to create a trust pursuant to Section 142.005 of the Texas Property Code (the "Trust") for the benefit of the minor children, M.W. and B.W., and to appoint Fidelity Personal Trust Company, FSB, to serve as the Corporate Trustee of the Trust, and Probity Advisors, Inc., as the Investment Advisor under the Trust.

Upon consideration of the Motion (Dkt. 56), the exhibits attached thereto (Dkts. 56-1 – 56-3), and the entire record in this case, the Court finds, in its discretion, that the parties' agreement serves the interests of justice.

## IV. CONCLUSION

Based on the foregoing, and pursuant to the agreement of the parties and the recommendation of the guardian *ad litem*, the parties' Joint Motion for Entry of Final Judgment and Order of Interpleader Disbursement (Dkt. 56) is **GRANTED**.

**IT IS THEREFORE ORDERED** that from the Interpleaded Funds which have been deposited into the registry of this Court in the amount of $3,054,060.35, the Clerk shall disburse the entirety in the following manner:

1) For payment of the guardian *ad litem's* fees, which payment shall be deemed to be solely made from the ReliaStar Proceeds:

**Payee: Garland Cardwell**

Amount: $5,000.00 (Five Thousand Dollars)

---

[1] With respect to the Mediated Family Settlement Agreement, the Court does not—and need not—approve said settlement agreement for purposes of this ruling and expresses no opinion as to any matters contained therein.

Address: Munson, Munson, Pierce & Cardwell
123 S. Travis St.
Sherman, Texas, 75090.

2) For the benefit of Laura R. Wiemer, which payment shall be deemed to be solely made from the ReliaStar Proceeds:

**Payee: Wolf & Henderson, P.C. IOLTA Account**

Amount: $500,000.00 (Five Hundred Thousand Dollars)

Address: William L. Wolf
Wolf & Henderson, P.C.
4309 Irving Avenue, Suite 200
Dallas, Texas, 75219.

3) For the benefit of Trina Wiemer, individually and as next friend of M.W. and B.W, which payment shall be deemed to be solely made from the ReliaStar Proceeds:

**Payee: Sanders, Motley, Young & Gallardo Trust Account**

Amount: $2,549,060.35 (Two Million, Five Hundred Forty-Nine Thousand, and Sixty dollars, and Thirty-Five cents).

Address: Michael Young
Sanders, Motley, Young & Gallardo
111 South Travis Street
Sherman, Texas, 75090.

**IT IS FURTHER ORDERED** that one hundred percent (100%) of all accrued interest on the entirety of the Interpleaded Funds, less any assessed fee for the administration of the funds, shall be disbursed to Trina Wiemer, individually, and as next friend of M.W. and B.W., payable to "Sanders, Motley, Young & Gallardo Trust Account" and mailed to: Michael Young, Sanders, Motley, Young & Gallardo, 111 South Travis St., Sherman, Texas, 75090.

**IT IS FURTHER ORDERED** that the Court hereby establishes the Section 142.005 Trust for the benefit of M.W. and B.W., and that the Trust shall be administered according to the terms

of the Trust Agreement for the Section 142.005 Trust, the form of which is attached to the Motion as Exhibit B (Dkt. 56-2).

**IT IS FURTHER ORDERED** that net monies awarded to M.W. and B.W., net of fees, in the settlement related to the above-entitled and numbered cause shall be held in trust for the benefit of M.W. and B.W., pursuant to Section 142.005, Texas Property Code, and pursuant to the terms of the Trust Agreement.

**IT IS FURTHER ORDERED** that Fidelity Personal Trust Company, FSB, is hereby appointed sole Trustee of the Trust, upon the Trustee's acceptance of such Trust, and said funds from a final judgment or order in this cause for the benefit of M.W. and B.W., shall be delivered to the Trustee.

**IT IS FURTHER ORDERED** that Probity Investment Advisors, Inc., is hereby appointed as the initial Investment Advisor under the Trust, to serve in accordance with the terms of the Trust Agreement.

**IT IS SO ORDERED**.

**SIGNED this 16th day of November, 2018.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE